By the Court.

The plaintiff’s claim must rest on the third article of the declaration of rights. The construction of that article has been several times before us. In the case of Kendall vs. The Inhabitants of Kingston, (1) the plaintiff was a Baptist teacher, having been ordained as an evangelist; and he had the care of two voluntary unincorporated societies of Baptists, one in Middle- [ * 62 ] borough, and the other *in Kingston, to which he preached alternately. And it was decided that he was not the public teacher of either within that article; that every public teacher therein contemplated, is a public Protestant teacher of piety, religion, and morality, connected with some one religious society, which is entitled to his ministerial labors, exclusive of the claims of any other society upon him. On this principle the nonsuit must stand, for the plaintiff is ordained, not over any particular society, but as an evangelist, and is, in fact, as much the public teacher of three or four other re igious societies, as of the society in Brookfield.
in tne case of Barnes vs. The First Parish in Falmouth, (2) the plaintiff claimed to be a Universalist, and teacher of a voluntary unincorporated society of his own persuasion in that parish; and it was holden, by four judges, being all the court present, that the public teacher, contemplated in the third article of the declaration of rights, must be a public Protestant teacher of some religious incorporated society, authorized and compellable by law to support a public religious teacher, and not of a voluntary association, which was under no legal obligation to elect or support any teacher. On this ground, also, the nonsuit must stand, for the plaintiff claims to be a teacher of a voluntary association only, and not of any incorporated society.

Costs for the defendants.

 5 Mass. Rep. 524.

 6 Mass. Rep. 401.